IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

|  |  |
|---|---|
| THE QC GROUP, INC., *et al.*, | Case No. 0:13-cv-01726-JRT-SER |
| Plaintiffs, | |
| v. | |
| KATHLEEN SEBELIUS, *et al.*, | |
| Defendants. | |

**DEFENDANTS' NOTICE OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY OF PROCEEDINGS**

In light of the rulings of motions panels of the Eighth Circuit in *O'Brien v. United States Department of Health and Human Services*, No. 12-3357, Order (8th Cir. Nov. 28, 2012), and *Annex Medical, Inc. v. Sebelius*, No. 13-1118, Order (8th Cir. Feb. 1, 2012), granting injunctions pending appeal in cases similar to this one challenging the contraceptive coverage regulations, defendants write to inform the Court that they do not oppose plaintiffs' Motion for Preliminary Injunction/Stay, ECF No. 9, until such time as the appeal in *O'Brien* or *Annex Medical*, whichever occurs first, is resolved.

For the reasons stated in defendants' oppositions to plaintiffs' motions for preliminary injunction in *O'Brien* and *Annex Medical*, *see* Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Prelim. Inj., *O'Brien v. U.S. Dep't of Health & Human Servs.*, No. 4:12-cv-00476-CEJ (E.D. Mo. Sept. 14, 2012), ECF No. 47; Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Prelim. Inj., *Annex Medical v. Sebelius*, No. 12-cv-02804-DSD-SER (D. Minn. Dec. 12, 2012), ECF No. 17, as well as the district courts' decisions denying preliminary relief in those cases, *see O'Brien v. U.S. Dep't of Health & Human Servs.*, 894 F. Supp. 2d 1149 (E.D. Mo. 2012); *Annex Medical,*

*Inc. v. Sebelius*, No. 12-cv-02804-DSD-SER, 2013 WL 203526 (D. Minn. Jan. 17, 2013), defendants do not believe that plaintiffs are likely to succeed on the merits of any of their claims, and believe that the decisions of the motions panels in *O'Brien* and *Annex Medical* were incorrect. Furthermore, the decisions of the motions panels in *O'Brien* and *Annex Medical* are not binding on this Court. *See In re Rodriquez*, 258 F.3d 757, 759 (8th Cir. 2001); *see also United States v. Henderson*, 536 F.3d 776, 778 (7th Cir. 2008); *Lambert v. Blackwell*, 134 F.3d 506, 513 n.17 (3d Cir. 1997).[1] Nonetheless, defendants acknowledge that, even if this Court were to agree with defendants and deny plaintiffs' request for a preliminary injunction, plaintiffs would likely then seek an injunction pending appeal, which would likely be granted for the reasons already articulated by the motions panel in *Annex Medical*. *See Annex Medical*, No. 13-1118, Order at 5-6 (8th Cir. Feb. 1, 2013) (granting plaintiffs' motion for an injunction pending appeal, "consistent with the *O'Brien* order," because "there is a significant interest in uniform treatment of comparable requests for interim relief within this circuit"). Therefore, defendants do not oppose the entry of preliminary injunctive relief in favor of plaintiffs based on their Religious Freedom Restoration Act ("RFRA") claim at this time, to last until one of the pending Eighth Circuit appeals is resolved. Defendants would suggest that the preliminary injunction remain in effect until thirty days after the mandate issues from the Eighth Circuit in *O'Brien* or *Annex Medical*, whichever occurs first, to give the Court and the parties sufficient time to assess the impact of the Eighth Circuit's ruling on this case.

Defendants also respectfully ask this Court to stay all proceedings in this case pending the resolution of the appeal in *O'Brien* or *Annex Medical*, whichever occurs first. "[T]he power

---

[1] In addition, the Third Circuit and two merits panels of the Sixth Circuit have reached different conclusions than the motions panels in *O'Brien* and *Annex Medical*. *See Conestoga Wood Specialties Corp. v. Sebelius*, --- F.3d ---, 2013 WL 3845365 (3d Cir. July 26, 2013); *Autocam Corp. v. Sebelius*, No. 12-2673, Order (6th Cir. Dec. 28, 2012), *reconsideration denied*, No. 12-2673 (6th Cir. Dec. 31, 2012); *Eden Foods, Inc. v. Sebelius*, 13-1677, Order (6th Cir. June 28, 2013).

to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In the *O'Brien* and *Annex Medical* appeals, the Eighth Circuit will be addressing legal issues that are substantially similar to those presented in this case, involving facts that are analogous to those in this case, challenging the same regulations that are challenged in this case, and raising claims that are also largely indistinguishable from those in this case brought against the same defendants as those in this case. Among the questions that the Eighth Circuit may very well decide are: (1) whether a for-profit, secular corporation can exercise religion under RFRA; (2) whether an obligation imposed on a corporation can be a substantial burden on the corporation's owners under RFRA; (3) whether any burden imposed on the corporation or its owners under the challenged regulations is too attenuated to qualify as "substantial" under RFRA; and (4) whether the challenged regulations are narrowly tailored to serve compelling governmental interests. Thus, even if the Eighth Circuit's ruling does not entirely dispose of this case, the outcome of the appeals is likely to substantially affect the outcome of this litigation, and the Court and the parties will undoubtedly benefit from Eighth Circuit's views.

If this case is not stayed, defendants will file a motion to dismiss the case for failure to state a claim. This motion will raise many of the same legal issues that are likely to be addressed by the Eighth Circuit. It would be highly inefficient to spend the resources and time of the parties and this Court for litigation to proceed on these issues simultaneously in both courts. *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) ("[T]he district court has broad discretion to decide whether a stay is appropriate to promote

economy of time and effort for itself, for counsel, and for litigants."). Nor will there be any prejudice to plaintiffs if the proceedings are stayed, as they will have the benefit of a preliminary injunction during the pendency of the stay.

Finally, defendants note that several district courts—including the district court in *Annex Medical*—have stayed proceedings in similar circumstances in litigation challenging the preventive services coverage regulations. *See, e.g.*, Order, *Annex Medical, Inc. v. Sebelius*, No. 12-cv-02804-DSD-SER (D. Minn. Jan. 25, 2013), ECF No. 53; Order, *SMA, LLC v. Sebelius*, No. 0:13-01375-ADM-LIB (D. Minn. July 8, 2013), ECF No. 14; Order, *Hall v. Sebelius*, No. 0:13-cv-00295 (D. Minn. Apr. 2, 2013), ECF No. 11; Order, *Sioux Chief MFG. Co., Inc. v. Sebelius*, No. 4:13-cv-00036-ODS (W.D. Mo. Feb. 28, 2013), ECF No. 9; Order, *Korte v. Sebelius*, No. 3:12-cv-01072 (S.D. Ill. Dec. 28, 2012), ECF No. 63.

For these reasons, defendants ask this Court to stay all proceedings in this case pending resolution of the appeal in *O'Brien* or *Annex Medical*, whichever occurs first.

Respectfully submitted this 12th day of August, 2013,

STUART F. DELERY
Assistant Attorney General

IAN HEATH GERSHENGORN
Deputy Assistant Attorney General

B. TODD JONES
United States Attorney

JENNIFER RICKETTS
Director

SHEILA M. LIEBER
Deputy Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS (VA Bar No. 83212)
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7310
Washington, D.C. 20530
Tel: (202) 514-3367
Fax: (202) 616-8470
Email: bradley.p.humphreys@usdoj.gov

*Attorneys for Defendants*